UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH H. HOLM,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL MEYERS, et al.,<br><br>              Defendants. | IN ADMIRALTY<br><br>No.  3:21-cv-05501-BJR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT OF DISMISSAL AND ENTRY OF SUMMARY JUDGMENT |

## I.  INTRODUCTION

Before this Court is Plaintiff Keith Holm's ("Plaintiff" or "Holm") motion for reconsideration ("Mot. for Rec.," Dkt. 27) of the Court's order, dated July 1, 2022, granting summary judgment to Defendant Michael Myers ("Defendant" or Myers) on all of Plaintiff's claims ("Order," Dkt. 25; *see* Dkt. 26 (Judgment)).  Having reviewed Plaintiff's motion, the record of the case, and the relevant legal authorities, the Court DENIES the motion.  The reasoning for the Court's decision follows.

## II.  BACKGROUND

The Court set forth the background of this case in the Order, and will not repeat it here.  In short, Plaintiff's lawsuit asserted claims against *in personam* defendant Myers and *in rem* defendant M/Y Head Hunter (the "Head Hunter") for (1) common law negligence and negligence under the Jones Act, (2) unseaworthiness, and (3) failure to provide maintenance and cure, arising

ORDER - 1

from injuries he allegedly sustained during an August 2019 incident aboard Myers' boat, the Head Hunter. Dkt. 1. On March 29, 2021, Defendant moved for summary judgment on all of Plaintiff's claims. Dkt. 13.

In the Order, the Court granted Defendant's motion, and dismissed Plaintiff's claims, based on several independent findings. First, Plaintiff had not provided sufficient evidence from which a reasonable juror could conclude that he was Defendant's employee on the date of the incident, and therefore he was ineligible to assert claims under the Jones Act and for maintenance and cure. Order 7-9, 11. Second, Plaintiff did not qualify as a seaman because he failed to satisfy the "substantial connection" requirement of the seaman test, as articulated by *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995), and therefore, on this separate ground, he could not maintain claims under the Jones Act and for maintenance and cure, as well as for unseaworthiness. Order at 9-11. Third, Plaintiff could not prevail on any of his claims because he did not proffer expert medical testimony supporting his assertion that his injuries were caused by the incident aboard the Head Hunter. *Id.* at 11-14. As the Order explains, Plaintiff was required to do so given the complex nature of his injuries and the submitted evidence of his prior injuries and complaints of pain. *Id.* Plaintiff filed this motion for reconsideration on July 8, 2022, arguing that the Court "might have [] overlooked" certain facts and law. Mot. for Rec. at 1.

### III.    LEGAL STANDARD

"Motions for reconsideration are disfavored" and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1); *see Kinchen v. DeJoy*, No. 20-55683, 2021 WL 3204020, at *2 (9th Cir. July 28, 2021) ("A motion for reconsideration should only be granted if the district

ORDER - 2

court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (quotation marks and citation omitted)). Further, this Court's Standing Order provides that such motions that "reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied." Standing Order for All Civil Cases ("Standing Order," Dkt. 7) at 5.

### IV.  DISCUSSION

The Court will review Plaintiff's arguments in the order in which he makes them. First, Plaintiff argues (*see* Mot. for Rec. at 1-2) that the Court, in finding that he failed to demonstrate medical causation absent expert medical opinion supporting it, "overlooked" a statement in his opposition brief that he would "rely on his disclosed treating physicians at trial to establish the extent of his injuries." Dkt. 19 at 16. According to Plaintiff, that statement referenced his prior indication to Defendant, in his Initial Disclosures and in certain interrogatory responses, that his treating physicians "would provide testimony at trial [] regarding the causal link between [the incident] and [Holm's] shoulder injuries." Mot. for Rec. at 1-2. As an initial matter, Plaintiff did not submit or cite to his Initial Disclosures or interrogatory responses in opposing Defendant's summary judgment motion. Further, far from overlooking the statement in Plaintiff's opposition brief, the Order specifically notes that "[w]hile Plaintiff may otherwise have called his treating physician to testify at trial about a medical diagnosis, Plaintiff did not disclose any expert medical witness, including a treating physician, to opine regarding *causation*." Order at 12 n.4 (internal citation omitted; emphasis added).

More importantly, Plaintiff was required to proffer expert medical testimony supporting his theory of causation in order to survive summary judgment. *See* Order at 11-14; *see also Bradley v. Wal-Mart Stores, Inc.*, 336 F. App'x 640, 641-42 (9th Cir. 2009) (holding that plaintiff's

ORDER - 3

identification of "several treating healthcare professionals that he intended to call to testify regarding a 'causal link'" was insufficient to "raise a triable issue of fact as to causation"). As Plaintiff did not do so, and does not now claim to have done so, this Court adheres to its finding that Plaintiff provided insufficient evidence from which a reasonable juror could conclude that the incident aboard the Head Hunter caused his injuries.

      Second, Plaintiff argues that, even if he is ineligible to maintain a Jones Act claim against Defendant, his common law negligence claim should still survive because "he was a guest of [] Myers and was owed a duty of reasonable care." Mot. for Rec. at 2. In making this argument, Plaintiff appears to misapprehend that this Court made no finding as to whether Defendant owed to Plaintiff, or breached, a duty of reasonable care. Rather, this Court found that Plaintiff's common law negligence claim could not survive summary judgment because, as discussed above, he failed to establish the element of causation. *See* Order at 11-14. Plaintiff's motion for reconsideration, therefore, does not disturb the Court's finding.[1]

      Third, Plaintiff contends that the Court erroneously concluded that he was not a "seaman" while aboard the Head Hunter. *See* Mot. for Rec. at 2. Plaintiff, however, merely summarizes – in three sentences – his opposition brief argument that he was a seaman. *See* Dkt. 19 at 7-15. Having previously reviewed and rejected that argument (*see* Order at 9-10), the Court does the same here. *See* Standing Order at 5 (motions that "reassert prior arguments … will be summarily denied").

---

[1] The Court notes that it had reviewed Plaintiff's common law negligence claim under Washington law (*see* Order at 12), but Plaintiff now suggests that he intended to bring the claim under general maritime law (*see* Mot. for Rec. at 2). This does not alter the Court's analysis since under general maritime law, as with Washington law, "a party's negligence is only actionable if it is a 'legal cause' of the plaintiff's injuries." *Western Towboat Co. v. Vigor Marine, LLC*, 544 F. Supp. 3d 1100, 1127 (W.D. Wash. 2021); *see Von Allmen v. F/V Andronica*, No. 04-cv-0550, 2005 WL 8172227, at *2 (W.D. Wash. June 8, 2005) ("The standard for negligence under general maritime law is similar to traditional negligence.").

ORDER - 4

Finally, Plaintiff asserts – in a single sentence, without any citation to the record or to legal authority – that "there is at least a genuine issue of material fact as to whether he was on board Defendant Myers' vessel as an employee." Mot. for Rec. at 2-3. This bare assertion provides the Court with no reason to revisit its finding that there is no such issue. *See* Order at 7-9.

## V.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration of its order granting summary judgment to Defendant Michael Myers (Dkt. 25).

SO ORDERED.

Dated:  July 21, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 5